

15 CV 01184

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MOUNT VERNON FIRE INSURANCE COMPANY,

Docket No.:

Plaintiff,

**COMPLAINT**

-against-

STAR WARS TECHNOLOGY SYSTEMS,
INTEGRATED BUILDING CONTROLS CORP.,
MERCEDES T. GUILLEN, as Administrator of the Estate
of JOSE ELIAS GUILLEN, Deceased, MERCEDES T.
GUILLEN, MAG ELECTRICAL CONTRACTING CORP.,
SL GREEN REALTY, SL GREEN OPERATING
PARTNERSHIP, LP, SL GREEN MANAGEMENT LLC,
100 CHURCH PARTICIPATION FUNDING, LLC, 100
CHURCH HOLDING CO., LLC, 100 CHURCH FEE
OWNER, LLC and 100 CHURCH OWNER, LLC,

RECEIVED
FEB 19 2015
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants.

-----------------------------------------------------------------------X

Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon"), by and through its

attorneys, Miranda Sambursky Slone Sklarin Verveniotis, LLP, complaining of defendants Star

Wars Technology Systems ("Star Wars"), Integrated Building Controls Corp. ("IBC Corp."), 100

Church Fee Owner, LLC, Mercedes T. Guillen, as Administrator of the Estate of Jose Elias

Guillen (the "Estate of Jose Elias Guillen"), Mercedes T. Guillen, MAG Electrical Contracting

Corp. ("MAG"), SL Green Realty, SL Green Operating Partnership, LP, SL Green Management

LLC, 100 Church Participation Funding, LLC, 100 Church Holding Co., LLC, 100 Church Fee

Owner, LLC and 100 Church Owner, LLC, alleges upon information and belief, as follows:

**THE PARTIES**

1.      At all relevant times, plaintiff Mount Vernon was and still is a North Dakota

corporation, and is a citizen and domiciliary of that state and the State of Pennsylvania with its

principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

Pennsylvania 19087.

2.     Upon information and belief, at all times hereinafter mentioned, defendant Star Wars was and still is a Florida Corporation, and a resident and a citizen of the State of Florida, residing at and/or maintaining an address located at 3601 Northwest 55th Street, Suite 104, Miami, Florida 33142.

3.     Upon information and belief, at all times hereinafter mentioned, defendant IBC, Corp. was and still is a New Jersey corporation duly organized and existing pursuant to the laws of the State of New Jersey, and a New Jersey citizen with its principal place of business located at 12 Stults Road, Suite 135, Dayton, New Jersey 08810.

4.     Upon information and belief, defendant Estate of Jose Elias Guillen was and still is an estate duly established and existing pursuant to the laws of the State of New York, having an address located at 480 St. Nicholas Avenue, Apt. 4J, New York, New York 10027.

5.     Upon information and belief, defendant Mercedes T. Guillen was and still is a citizen and resident of the State of New York, maintaining an address located at 480 St. Nicholas Avenue, Apt. 4J, New York, New York 10027.

6.     Upon information and belief, defendant MAG was and still is a New York Domestic Corporation duly organized and existing pursuant to the laws of the State of New York, and a New York citizen having a principal place of business located at 30 Broad Street, New York, New York 10004.

7.     Upon information and belief, defendants SL Green Realty, SL Green Operating Partnership, LP, SL Green Management (hereinafter also referred to as the "SL Green Entities") were and still are New York Domestic Corporations duly organized and existing pursuant to the laws of the State of New York, and New York citizens having a principal place of business

located at 420 Lexington Avenue, New York, New York 10170.

8.     Upon information and belief, at all times hereinafter mentioned, defendants 100 Church Participation Funding, LLC, 100 Church Holding Co., LLC, 100 Church Fee Owner, LLC and 100 Church Owner, LLC (hereinafter also referred to as the "100 Church Entities") were and still are Delaware Corporations duly organized and existing pursuant to the laws of the State of Delaware, and residents of the State of New York citizen having a principal place of business located at 875 Avenue of the Americas, New York, New York 10001-3507.

## JURISDICTION

9.     This Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a), in that serious bodily injuries are asserted in the underlying action filed in the Supreme Court of the State of New York, County of New York, captioned as <u>Mercedes T. Guillen, as Administrator of the Estate of Jose Elias Guillen, Deceased, and Mercedes T. Guillen, Individually v. 100 Church Fee Owner, LLC</u>, under Index Number 162612/14 (the "*Guillen Action*"), and this coverage action arises out of the *Guillen Action*.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the claim arose in this district.

11.     A controversy exists between the parties as to the coverage afforded under primary and excess insurance policies issued by Mount Vernon to defendant Star Wars, as well as the provisions of said policies, in that plaintiff Mount Vernon seeks an order declaring that it has no duty to defend and indemnify defendants Star Wars, IBC Corp., the Estate of Jose Elias Guillen, Mercedes T. Guillen, MAG, the SL Green Entities, and the 100 Church Entities in the

underlying *Valdez Guillen Action.*

12.   Circumstances exist that justify the determination by this Court, pursuant to 28 U.S.C. § 2201, of the rights and obligations of the parties as to the provisions of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants, relevant to the *Guillen Action.*

13.   Mount Vernon has no adequate remedy at law.

## AS AND FOR A FIRST CAUSE OF ACTION

14.   Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "13" as if fully set forth at length herein.

15.   On June 10, 2011, Mount Vernon issued policy number CL2574786A to Star Wars for the policy period of June 10, 2011 to June 10, 2012 (the "Mount Vernon primary policy").

16.   The Mount Vernon primary policy does not cover the claims asserted in the complaint filed in the underlying *Guillen Action.*

17.   Mount Vernon properly denied coverage under the Mount Vernon primary policy to the defendants named herein with respect to the claims asserted in underlying *Guillen Action.*

18.   The Mount Vernon primary policy includes the following language:

**SECTION 1-COVERAGES**
**COVERAGE A BODILY INJURY AND**
**PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a.   We will pay those sums that the insured becomes obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We

4

may, at or discretion, investigate any "occurrence" and settle any claim or suit" that may result.

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period.

*     *     *

19.     The Mount Vernon primary policy's definitions section, **SECTION V –**

**DEFINITIONS,** provides in relevant part as follows:

16.     "Products-completed operations hazard"

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising  out  of  "your  product"  or "your work" except

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned....

b. "your work" will be deemed completed at the earliest of the following times:

(1). When all of the work called for in your contract has been completed.

(2). When all of the work to be done at the job site has been completed if you contract calls for work at more than one job site.

(3). When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

*     *     *

20.     In  addition,  the  Mount  Vernon  primary  policy  includes  the  following

5

Endorsement CG 21 04 11 85, which states as follows:

**EXCLUSION - PRODUCTS-COMPLETED OPERATIONS HAZARD**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not include "bodily injury" or "property damage" included within the "products-completed operations hazard."

21.     The Products-Completed Operations Hazard exclusion above reflects that the Mount Vernon primary policy excludes coverage for any bodily injury occurring away from premises owned or rented by Star Wars.

22.     To the extent that the wrongful death and bodily injury claims alleged in the *Guillen Action* occurred away from the premises owned or rented by Star Wars, there is no coverage for the defendants herein under the Mount Vernon primary policy with respect to the claims asserted in the *Guillen Action*.

23.     Mount Vernon properly disclaimed coverage to the defendants for the claims herein.

24.     Accordingly, Mount Vernon does not owe any of the defendants a defense or indemnity for any of the liability claims alleged in the underlying *Guillen Action*.

25.     By reason of the foregoing, Mount Vernon is entitled to an order declaring that it has no duty to defend or indemnify any of the defendants herein with respect to any and all of the claims asserted in the underlying *Guillen Action*.

## AS AND FOR A SECOND CAUSE OF ACTION

26.     Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "25" as if fully set forth at length herein.

27.     The Mount Vernon primary policy contains the following endorsement number L-

500 (1/06) (the "Bodily Injury Exclusion"), which states as follows:

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS,
TEMPORARY WORKERS, CASUAL LABORERS,
CONTRACTORS, AND SUBCONTRACTORS

I. Paragraph 2. Exclusions subparagraph e. of Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability is deleted in its entirety and replaced with the following:

1. "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:

   (a) Employment by any insured; or
   (b) Performing duties related to the conduct of any insured's business;

2. "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity; or

3. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

4. "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any insured, or of a contractor, subcontractor, or of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor as a consequence of any injury to any person as set forth in paragraphs 1. and 2. of this endorsement.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

"Casual laborer" means any person providing work or materials to any insured for compensation of any type.

II. As respects this exclusion solely, Section IV. Commercial General Liability Conditions, item 7. Separation of Insureds is deleted in its entirety and replaced with the

following:

7. Separation of Insureds

Except with respect to the Limits of Insurance, this exclusion and to any rights or duties specifically assigned in this coverage part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

28.     The claims alleged in the *Guillen Action* allege that Jose Guillen was seriously injured and died after falling from an elevation while in the course of performing work at the premises owned by defendant 100 Church Fee Owner, LLC.

29.     Upon information and belief, Mount Vernon's named insured, Star Wars, employed Jose Guillen when Mr. Guillen's alleged accident and injuries above took place.

30.     The Mount Vernon primary policy does not cover any of the claims asserted in the *Guillen Action* by operation of the Bodily Injury Exclusion quoted above.

31.     Mount Vernon timely and properly disclaimed coverage to its named insured, Star Wars, and all the other defendants herein, premised upon the terms of the Bodily Injury Exclusion quoted above as to the claims asserted in the *Guillen Action*.

32.     Mount Vernon is therefore entitled to a declaration that it has no obligation to defend or indemnify all of the defendants herein as to the claims asserted in the underlying *Guillen Action*.

33.     Accordingly, Mount Vernon demands judgment declaring that it has no obligation to defend or indemnify any of the defendants herein as to the claims asserted in the underlying

*Guillen Action.*

## AS AND FOR A THIRD CAUSE OF ACTION

34.     Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "33" as if fully set forth at length herein.

35.     The Mount Vernon primary policy also contains the following exclusion of coverage (L 278 (11/07)), known as the "Independent Contractors/Subcontractors Exclusion":

### INDEPENDENT CONTRACTORS/SUBCONTRACTORS EXCLUSION

I.      It is agreed that this policy shall not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the operations performed for any insured by any contractor(s) or acts or omissions of any insured in the selection, retention or supervision of any contractor(s).

II.     As respects this exclusion solely, **Section IV. Commercial General Liability Conditions**, item **7. Separation of Insureds** is deleted in its entirety and replaced with the following:

**7. Separation of Insureds**

Except with respect to the Limits of Insurance, this Independent Contractors/Subcontractors Exclusion, and to any rights or duties specifically assigned in this coverage part to the first named Insured, this insurance applies:

      a.      As if each Named Insured were the only Named Insured; and
      b.      Separately to each insured against whom claim is made or "suit" brought

All other terms and conditions of this policy remain unchanged.   This endorsement is a part of your policy and takes effect on the effective date of your policy and takes effect on the effective date of your policy unless another effective date is shown.

36.     To the extent the wrongful death and/or bodily injury claims alleged in the *Guillen Action* occurred as a result of any negligent work arising out of the operations performed on behalf of Mount Vernon's named insured, Star Wars, by any contractor(s) or acts or omissions of Star Wars in the selection, retention or supervision of any contractor(s), Mount

Vernon has no duty to defend or indemnify the defendants herein against the claims asserted in the underlying *Guillen Action* pursuant to the unambiguous terms of the Mount Vernon primary policy's Independent Contractors/Subcontractors Exclusion above.

37.  Mount Vernon timely and properly disclaimed coverage to its named insured, Star Wars, and the defendants herein premised upon the terms of the Independent Contractors/Subcontractors Exclusion quoted above as to the claims asserted in the *Guillen Action*.

38.  Mount Vernon is therefore entitled to a declaration that it has no obligation to defend or indemnify the defendants herein as to the claims asserted in the underlying *Guillen Action*.

39.  Accordingly, Mount Vernon demands judgment declaring that it has no obligation to defend or indemnify any of the defendants herein as to the claims asserted in the underlying *Guillen Action*.

## AS AND FOR A FOURTH CAUSE OF ACTION

40.  Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "39" as if fully set forth at length herein.

41.  Coverage for the claims asserted in the *Guillen Action* was properly denied to defendant Star Wars and the other defendants herein pursuant to the terms of the Premises Limitation Endorsement (L 685 03/06) included in the Mount Vernon primary policy, which provides as follows:

## PREMISES LIMITATION ENDORSEMENT
### SCHEDULE*

**Premises:**

* Information required to complete this Schedule, if not shown on this endorsement, will

be shown in the Declarations

It is agreed **SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 1. Insuring Agreement, b. (1)** is deleted in its entirety and replaced with the following:

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place within the interior portion of a leased building or other structure set forth in this endorsement; or at an owned premises, site, or location set forth in this endorsement. This insurance shall not apply to an "occurrence" that takes place at any other premises, site or location.

The company does not have the duty to defend any "suit" seeking damages on account of any "occurrence" that takes place at any premises, site or location other than the premises, site(s) or location(s) listed above. If no entry appears above, this endorsement applies to all premises, site(s) or location(s) listed in the Declarations or Supplemental Declarations page of this policy.

This endorsement shall not preclude coverage as provided under an "insured contract".

All other terms and conditions of this policy remain unchanged.   This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

42.   The Mount Vernon primary policy's Declarations page lists the location of all premises owned, rented or occupied by the named insured, Star Wars, as follows: 3601 Northwest 55th Street, # 104, Miami, Florida 33142.

43.   As alleged in the underlying *Guillen Action*, Jose Elias Guillen's purported incident, injury and death was not caused by, and did not occur in, any portion of the insured premises located at 3601 Northwest 55th Street, # 104, Miami, Florida 33142, but rather, the alleged accident at issue took place at 100 Church Street, New York, New York.

44.   Thus, the bodily injury and wrongful death claimed by the plaintiffs in the *Guillen Action* did not take place on the premises owned and/or leased by defendant Star Wars.

45.     Accordingly, since the claimed accident at issue in the *Guillen Action* did not occur at the insured premises identified in the Mount Vernon primary policy, there is no coverage to any of the defendants herein as to the claims asserted in the *Guillen Action*, as the Premises Limitation Endorsement quoted above specifically limits coverage under the Mount Vernon primary policy only to bodily injury occurring on or within the premises owned, occupied by or leased to Star Wars.

46.     Mount Vernon therefore timely and properly disclaimed coverage to Star Wars and all other defendants herein.

47.     Accordingly, Mount Vernon is entitled to a declaration that it has no obligation to defend or indemnify the defendants herein as to the claims asserted in the *Guillen Action*.

**AS AND FOR A FIFTH CAUSE OF ACTION**

48.     Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "47" as if fully set forth at length herein.

49.     The Mount Vernon primary policy further provides as follows:

**SECTION 1-COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a.    We will pay those sums that the insured becomes obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at or discretion, investigate any "occurrence" and settle any claim or suit" that may result.

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period.

\*      \*      \*

## 2. Exclusions

This insurance does not apply to:

**b.      Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement ....

\*      \*      \*

## PREMISES CONTRACTUAL LIABILITY LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILIT COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART

The definition of "insured contract" in the DEFINITIONS section is replaced by the following:

"Insured contract" means:

a.      A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with

13

construction or demotion operations on or within 50 feet of a railroad;

d.      An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.      An elevator maintenance agreement.

50.     No coverage is afforded under the Mount Vernon primary policy for any obligations assumed by defendant Star Wars pursuant to any contracts which are not an "insured contract" as defined by the Mount Vernon primary policy endorsement above.

51.     To the extent that defendant Star Wars entered into any written indemnification, defense and/or hold harmless agreements, such contracts do not fall under the definition of an "insured contract" in the Mount Vernon primary policy.

52.     Mount Vernon does not owe a defense or indemnity to the defendants herein for the claims asserted in the underlying *Guillen Action* for any amounts which may be owed under any such written indemnification, defense and/or hold harmless agreement entered into by defendant Star Wars.

53.     Mount Vernon has properly disclaimed coverage for such claims herein.

54.     By reason of the foregoing, no coverage is afforded to the defendants herein with respect to the claims asserted in the *Guillen Action*.

55.     By reason of the foregoing, Mount Vernon is therefore entitled to a declaration that it has no obligation to defend or indemnify the defendants herein with respect to the claims asserted in the *Guillen Action*.

## AS AND FOR A SIXTH CAUSE OF ACTION

56.     Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "55" as if fully set forth at length herein.

57.     The Mount Vernon primary policy includes Endorsement L-232s (9/05), which

read as follows:

This Endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**CLASSIFICATION LIMITATION ENDORSEMENT**

Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

58.    The classifications under the Mount Vernon primary policy is as follows: 61228 for "Building or Premises – office – other than not-for-profit (Excluding Products-Completed Operations)".

59.    To the extent that the wrongful death and bodily injury claims alleged in the *Guillen Action* arose out of Star Wars' Products-Completed Operations, there is no coverage for the defendants herein under the Mount Vernon primary policy with respect to the claims asserted in the *Guillen Action*.

60.    Mount Vernon properly disclaimed coverage to the defendants for the claims asserted in the *Guillen Action*.

61.    Accordingly, Mount Vernon does not owe any of the defendants a defense or indemnity for any of the liability claims alleged in the underlying *Guillen Action*.

62.    By reason of the foregoing, Mount Vernon is entitled to an order declaring that it has no duty to defend or indemnify any of the defendants herein with respect to any and all of the claims asserted in the underlying *Guillen Action*.

## AS AND FOR A SEVENTH CAUSE OF ACTION

63.     Mount Vernon repeats and realleges each and every allegation contained in the complaint numbered "1" through "62" as if fully set forth at length herein.

64.     On June 10, 2011, Mount Vernon issued excess policy number XL2117350A to Star Wars for the policy period of June 10, 2011 to June 10, 2012 (the "Mount Vernon excess policy").

65.     The Mount Vernon excess policy includes the following language:

I – INSURING AGREEMENTS

This policy is excess insurance and follows the "underlying insurance" except as otherwise stated in this policy.

1.     We will pay those sums that the Insured must legally pay in excess of the sums payable as "damages" in the "underlying insurance" or which would have been payable but for the exhaustion of the applicable Limit of Insurance.

66.     The Mount Vernon excess policy's Definitions section provides, in pertinent part, as follows:

11.     "Insured contract" means:

a.     A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.     A sidetrack agreement;

c.     Any easement or license agreement, except in connection with construction or demotion operations on or within 50 feet of a railroad;

d.     An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.    An elevator maintenance agreement.

67.    The Mount Vernon excess policy also contains the following language:

**V.    EXCLUSIONS**

This policy does not apply to:

1.    Any "damage" not covered by the "underlying insurance"

*        *        *

4.    "Damages" which an insured is obligated to pay by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for "damages":

a    That an insured would have in the absence of the contract or agreement; or

b.    Assumed in a contract or agreement that is an "insured contract", provided that "damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be "damages", provided:

(1)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(2)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

68.    As stated above, the Mount Vernon excess policy excludes coverage for any damage claims that are not covered by any underlying layer of insurance below the excess layer of coverage afforded by the Mount Vernon excess policy.

69.    The Mount Vernon primary policy provides coverage below the excess layer of coverage provided by the Mount Vernon excess policy.

70.    Accordingly, any and all bodily injury claims asserted in the *Guillen Action* that

are not covered by the Mount Vernon primary policy are similarly barred from coverage under the Mount Vernon excess policy.

71.     In addition, no coverage is afforded under the Mount Vernon excess policy for any obligations assumed by defendant Star Wars pursuant to any contracts which are not an "insured contract" as defined by the Mount Vernon excess policy endorsement above.

72.     To the extent that defendant Star Wars entered into any written indemnification, defense and/or hold harmless agreements, such contracts do not fall under the definition of an "insured contract" in the Mount Vernon excess policy.

73.     Mount Vernon does not owe a defense or indemnity to the defendants herein for the claims asserted in the underlying *Guillen Action* for any amounts which may be owed under any such written indemnification, defense and/or hold harmless agreement entered into by defendant Star Wars.

74.     Mount Vernon has properly disclaimed coverage for such claims herein.

75.     By reason of the foregoing, no coverage is afforded to the defendants herein pursuant to the Mount Vernon excess policy with respect to the purported occurrence involving decedent Jose Elias Guillen as alleged in the underlying *Guillen Action*.

76.     By reason of the foregoing, Mount Vernon therefore is entitled to a declaration that it has no obligation to defend or indemnify the defendants herein pursuant to the Mount Vernon excess policy with respect to the claims asserted in the underlying *Guillen Action*.

**WHEREFORE**, plaintiff Mount Vernon hereby requests judgment declaring that Mount Vernon has no obligation to defend or indemnify the defendants herein as to any of the

claims asserted in the underlying *Guillen Action*, together with the costs, disbursements and attorneys' fees for this action, and any other relief that this Court may deem appropriate.

Dated: Mineola, New York
       February 11, 2015

> **MIRANDA SAMBURSKY SLONE**
> **SKLARIN VERVENIOTIS LLP**
> Attorneys for Plaintiff
> Mount Vernon Fire Insurance Company
>
> By:_____
>        Steven Verveniotis (SV-8800)
>        Todd M. Hellman (HMH-8890)
>        240 Mineola Boulevard
>        Mineola, New York 11501
>        (516) 741-7676
>        File No.: 15-019