UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MOUNT VERNON FIRE INSURANCE COMPANY,

Plaintiff(s),

-against-

STAR WARS TECHNOLOGY SYSTEMS, INTEGRATED BUILDING CONTROLS CORP., MERCEDES T. GUILLEN, as Administrator of the Estate of JOSE ELIAS GUILLEN, Deceased, MERCEDES T. GUILLEN, MAG ELECTRICAL CONTRACTING CORP., SL GREEN REALTY, SL GREEN OPERATING PARTNERSHIP, LP, SL GREEN MANAGEMENT LLC, 100 CHURCH PARTICIPATION FUNDING, LLC, 100 CHURCH HOLDING CO., LLC, 100 CHURCH FEE OWNER, LLC and 100 CHURCH OWNER, LLC,

Defendant(s).

---------------------------------------------------------------------X

Civil Action No.: 15CV01184

**ANSWER WITH JURY DEMAND**

C O U N S E L O R:

The defendants, INTEGRATED BUILDING CONTROLS CORP., by its attorneys, THE LAW OFFICE OF JAMES J. TOOMEY, answering the Complaint of the plaintiff(s), allege upon information and belief, the following:

## THE PARTIES

1. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "1", "2", "4", "5", "6", "7" and "8".

## JURISDICTION

2. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "9", "10", "11" and "12"; and refers all questions of law to the Court.

3. Denies each and every allegation contained in the paragraph of the Complaint designated "13".

**ANSWERING A FIRST CAUSE OF ACTION**

4. Responding to the paragraph of the Complaint designated "14", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

5. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "15"

6. Denies each and every allegation contained in the paragraph of the Complaint designated "16", "17", "21", "22", "23", "24", and "25".

7. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "18", "19", and "20"; and refers all questions of law to the Court.

**ANSWERING A SECOND CAUSE OF ACTION**

8. Responding to the paragraph of the Complaint designated "26", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

9. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "27" and refers all questions of law to the Court.

10. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "28", "29"

11. Denies each and every allegation contained in the paragraph of the Complaint designated "30", "31", "32", and "33".

**ANSWERING A THIRD CAUSE OF ACTION**

12. Responding to the paragraph of the Complaint designated "34", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "35" and refers all questions of law to the Court.

14. Denies each and every allegation contained in the paragraph of the Complaint designated "36", "37", "38", and "39".

**ANSWERING A FOURTH CAUSE OF ACTION**

15. Responding to the paragraph of the Complaint designated "40", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

16. Denies each and every allegation contained in the paragraph of the Complaint designated "41", "45", "46", and "47".

17. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "42", "43", and "44"and refers all questions of law to the Court.

## ANSWERING A FIFTH CAUSE OF ACTION

18. Responding to the paragraph of the Complaint designated "48", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

19. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "49" and refers all questions of law to the Court.

20. Denies each and every allegation contained in the paragraph of the Complaint designated "50", "51", "52", "53", "54", and "55".

## ANSWERING A SIXTH CAUSE OF ACTION

21. Responding to the paragraph of the Complaint designated "56", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

22. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "57" and "58"and refers all questions of law to the Court.

23. Denies each and every allegation contained in the paragraph of the Complaint designated "59", "60", "61", and "62".

## ANSWERING A SEVENTH CAUSE OF ACTION

24. Responding to the paragraph of the Complaint designated "63", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

25. Denies any sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated “64”, “66” and “67”and refers all questions of law to the Court.

26. Denies each and every allegation contained in the paragraph of the Complaint designated “68”, “69”, “70”, “71”, “72”, “73”, “74”, “75”, and “76”.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

27. MOUNT VERNON’s causes of action against the INTEGRATED BUILDING CONTROLS CORP are barred, in whole or in part, by the doctrine of waiver.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

28. MOUNT VERNON’s causes of action against the INTEGRATED BUILDING CONTROLS CORP are barred, in whole or in part, by the doctrine of estoppel.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

29. MOUNT VERNON’s causes of action against the INTEGRATED BUILDING CONTROLS CORP are barred, in whole or in part, because MOUNT VERNON has failed to comply with all conditions precedent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

30. MOUNT VERNON’s complaint should be dismissed insofar as the exclusions claimed by MOUNT VERNON do not apply to INTEGRATED BUILDING CONTROLS CORP. and that INTEGRATED is an additional insured under the MOUNT VERNON insurance policy.

**COUNTERCLAIM**

31. That at all time hereinafter mentioned, MOUNT VERNON FIRE INSURANCE COMPANY (hereinafter referred to as "MOUNT VERNON") was a foreign corporation, organized under the laws of a foreign state.

32. Upon information and belief, MOUNT VERNON is licensed by the New York State Department of Insurance to do business in the State of New York and transacts business in the County of New York, State of New York, 13601.

34. That at all times hereinafter mentioned MOUNT VERNON was a domestic insurance corporation authorized to conduct business in the State of New York and conducting business therein.

35. That at all times hereinafter mentioned, the defendant, MOUNT VERNON, was and continues to be a corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to engage in and carry on the business of insurance in the State of New York, including the writing of casualty liability policies, and maintains an office for the transaction of business at 1190 Devon Park Drive, Wayne, Pennsylvania.

36. Mercedes Guillen, As Administrator of the Estate of Jose Elias Guillen, Deceased and Mercedes T. Guillen, Individually have brought an action for personal injuries, Index No. 162612/14, currently pending in the Supreme Court of the State of New York County. A copy of the Verified Complaint is annexed hereto as **Exhibit "A"** and incorporated herein as if the same were set forth in full at this point. A third party action has been brought against INTEGRATED and copies of INTEGRATED 's Answer is annexed hereto as **Exhibit "B"**.

37. That at all times hereinafter mentioned, MOUNT VERNON issued a comprehensive general liability insurance policy to STAR WARS bearing policy number CL

2574786A for primary insurance for the policy period from June 10, 2011 through June 10, 2012 effective on 2/8/12, with limits of liability afforded in the amount of $1,000,000 per occurrence for bodily injury and $2,000,000 in the aggregate. Mt. Vernon also issued an excess insurance policy for the period of June 10, 2011 through June 10, 2012 under policy number XL117350 with policy limits of $1,000,000 per occurrence for bodily injury and $2,000,000 in the aggregate.

38. That at all times hereinafter mentioned, MOUNT VERNON issued a policy with which provided additional insured coverage.

39. That said insurance policies issued by MOUNT VERNON provides for additional insured coverage when required by contract or "insured contract".

40. On or about February 8, 2012, the plaintiff was said to have fallen off a ladder due to the negligence of MOUNT VERNON'S insured STAR WARS.

41. On or about January 8, 2012, INTEGRATED had been retained by the building owner to install fire and smoke damper building controls on the 14th floor of the building.

42. On or about January 24, 2012, INTEGRATED had subcontracted the electrical work to MAG ELECTRICAL.

43. On or about January 24, 2012, MAG ELECTRICAL had subcontracted part of the electrical work to STAR WARS TECHNOLOGY SYSTEMS, the MOUNT VERNON insured.

44. The STAR WARS contract required INTEGRATED to be named as an additional insured on the STAR WARS insurance policy. That said insurance is to be on a primary basis, not on an excess or contributory basis with policy limits on a general liability policy of $1,000,000 and $10,000,000 on its excess policy.

45. That, INTEGRATED qualifies as an additional insured under the policy issued by MOUNT VERNON for STAR WARS.

46. That at all times hereinafter mentioned, the policy issued by MOUNT VERNON is primary to any other insurance that is covering INTEGRATED.

47. That at all times hereinafter mentioned, MOUNT VERNON was provided with proper notice of this claim.

48. That at all times hereinafter mentioned, MOUNT VERNON has failed to provide insurance coverage to INTEGRATED as an additional insured, nor has there been a valid or timely disclaimer by MOUNT VERNON as required by the Insurance Law of the State of New York.

49. To date, MOUNT VERNON has failed to undertake to defend and indemnify the INTEGRATED in accordance with the aforesaid policy of insurance and contractual agreement, despite requests that they do so.

50. INTEGRATED requires a declaration of their rights by this Court in accordance with the applicable provisions of law relating to declaratory judgment.

51. INTEGRATED has no remedy other than that prayed for herein by which their rights may be determined. INTEGRATED has already been put through great expense defending the GUILLEN lawsuit and MOUNT VERNON continues to fail to defend and indemnify INTEGRATED and will not assume the defense of said action and their obligations for defense and indemnification as required by the aforesaid policies and contracts unless the court makes an immediate declaration of the liability of defendants pursuant to the above and that same be determined in advance of the trial of said action at law.

52. The actions of the defendants in refusing to defend plaintiffs against the claims of GUILLEN is capricious and arbitrary and INTEGRATED is entitled to attorneys' fees and costs expended in connection with compelling defendants to fulfill their contractual and policy obligations.

WHEREFORE, plaintiff asks for judgment declaring:

a) That this Court enter a declaratory judgment concerning the provisions of the policies of insurance determining the respective rights and liabilities of the plaintiffs and defendants thereunder and under the circumstances of the aforementioned accident;

b) That this Court order MOUNT VERNON to provide defense and indemnity to INTEGRATED in the pending action filed by GUILLEN in the Supreme Court of the State of New York, County of New York, for any money paid on behalf of INTEGRATED in the GUILLEN action including any settlement and/or judgment; or any payment made to the plaintiff and any other parties to this action and that MOUNT VERNON's obligation to procure insurance is on a primary basis to any other insurance procured by INTEGRATED.

c) That this Court order MOUNT VERNON to pay INTEGRATED all monies expended for attorney's fees and investigative services and for expenses in preparing and defending the above described action up to the time of entry of the order of this Court in this proceeding;

d) That this Court Order MOUNT VERNON to pay INTEGRATED attorney fees and expenses in connection with this matter in order to compel MOUNT VERNON to fulfill their contractual obligations; and

e) That INTEGRATED have such other and further relief, including reformation of the above policies if necessary, as to the Court may seem just, proper and equitable.

f) That this court issue an order/judgment dismissing MOUNT VERNON's declaratory judgment action herein, declare that its exclusions are not valid,

dismiss all crossclaims, counterclaims against INTEGRATED and for such other and further relief as the court deems just and proper.

**JURY DEMAND**

Defendant, INTEGRATED BUILDING CONTROLS CORP, demands a jury trial.

Dated: New York, New York
May 27, 2015

Yours, etc.

*LAW OFFICE OF*
**JAMES J. TOOMEY**

By: RICHARD H. PETERSEN (1446)
Attorneys for Defendant(s)
INTERGRATED BUIDING CONTROLS CORP.
485 Lexington Avenue, 7th Floor
New York, New York 10017
T: (917) 778-6600
F: (877) 890-1328
Matter No.: 2015026363

TO:

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorney(s) for Plaintiff
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-7676
File No.: 15-019

MARC C. DESALVO, P.C.
Attorneys for Defendant
MERCEDES T. GUILLEN, as Administrator of the Estate of
JOSE ELIAS GUILLEN, Deceased, and
MERCEDES T. GUILLEN, individually
358 Fith Avenue, ste 1007
New York, NY 10001
(212) 560-9790

FABIANI COHEN & HALL, LLP
Attorneys for Defendants
SL GREEN REALTY, SL GREEN OPERATING
PARTNERSHIP, LP, SL GREEN MANAGEMENT, LLC,
100 CHURCH PARTNERSHIP FUNDING, LLC,
100 CHURCH HOLDING CO., LLC, 100

CHURCH FEE OWNER, LLC AND
100 CHURCH OWNER, LLC,
570 Lexington Avenue, 4th Floor
New York, NY 10022
(212) 644-4420

STAR WARS TECHNOLOGY SYSTEM, INC.
*Defendant Pro Se*
275 West 238th Street
Bronx, N.Y. 10463

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

**AFFIDAVIT OF SERVICE BY MAIL**

I, SUHADY SUAREZ, being duly sworn, deposed and says that deponent is a secretary of the LAW OFFICE OF JAMES J. TOOMEY, attorneys for one of the parties herein; is over 18 years of age; is not a party to the action. The deponent served the papers noted below by regular mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York, New York 10017; directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorneys(s) then kept an office, between which places there then was and now is a regular communication by mail as follows:

**Re: MOUNT VERNON FIRE INSURANCE COMPANY V. STAR WARS TECHNOLOGY**

**Date mailed: May** 28 **, 2015**

**Papers Served: ANSWER WITH JURY DEMAND**

**TO:**

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorney(s) for Plaintiff
240 Mineola Boulevard
Mineola, NY 11501

MARC C. DESALVO, P.C.
Attorneys for Defendant
MERCEDES T. GUILLEN, as Administrator of the Estate of
JOSE ELIAS GUILLEN, Deceased, and
MERCEDES T. GUILLEN, individually
358 Fith Avenue, ste 1007
New York, NY 10001
(212) 560-9790

FABIANI COHEN & HALL, LLP
Attorneys for Defendants
SL GREEN REALTY, SL GREEN OPERATING
PARTNERSHIP, LP, SL GREEN MANAGEMENT, LLC,
100 CHURCH PARTNERSHIP FUNDING, LLC,
100 CHURCH HOLDING CO., LLC, 100
CHURCH FEE OWNER, LLC AND
100 CHURCH OWNER, LLC,

570 Lexington Avenue, 4th Floor
New York, NY 10022

STAR WARS TECHNOLOGY SYSTEM, INC.
*Defendant Pro Se*
275 West 238th Street
Bronx, N.Y. 10463

SUHADY SUAREZ

Sworn to before me this
28 day of May, 2015

Notary Public

CATHY ARANZULLO
Commissioner of Deeds
City of New York - No. 5-1498
Certificate Filed in Richmond County
Commission Expires 1-1-17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK** **Civil Action No.: 15CV01184**

**MOUNT VERNON FIRE INSURANCE COMPANY,**

**Plaintiff(s),**

**-against-**

**STAR WARS TECHNOLOGY SYSTEMS, INTEGRATED BUILDING CONTROLS CORP., MERCEDES T. GUILLEN, as Administrator of the Estate of JOSE ELIAS GUILLEN, Deceased, MERCEDES T. GUILLEN, MAG ELECTRICAL CONTRACTING CORP., SL GREEN REALTY, SL GREEN OPERATING PARTNERSHIP, LP, SL GREEN MANAGEMENT LLC, 100 CHURCH PARTICIPATION FUNDING, LLC, 100 CHURCH HOLDING CO., LLC, 100 CHURCH FEE OWNER, LLC and 100 CHURCH OWNER, LLC,**

**Defendant(s).**

---

***ANSWER WITH JURY DEMAND***

---

**Law Office of**
**JAMES J. TOOMEY**

Attorneys for Defendant(s)
**INTEGRATED BUILDING CONTROLS**
Office & P.O. Address
**485 Lexington Avenue, 7th Floor**
**New York, New York 10017**

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
(917) 778-7022

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ____________________ Signature: ____________________

Print Signer's Names: ____________________

---

Service of a copy of the within is hereby admitted.

Dated: ____________________

Attorney(s) for

---

**NOTICE OF ENTRY:**

**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on the ____ day of __________ 200 .

**NOTICE OF SETTLEMENT:**

**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on the _____ day of ______________ 200 , at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated: New York, New York

**Law Office of**
**JAMES J. TOOMEY**
Attorneys for Defendant(s)
As Designated Above